**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
GUILLERMO ALVAREZ GIL,             :
                                   : Civil Action No. 08-4064 (DRD)
          Petitioner,              :
                                   :
     v.                            :     **O P I N I O N**
                                   :
MICHAEL B. MUKASEY, et al.,        :
                                   :
          Respondents.             :
_____:

**APPEARANCES:**

    GUILLERMO ALVAREZ GIL, Petitioner, Pro Se
    # 207998
    E 500 South
    Hudson County Correctional Facility
    35 Hackensack Avenue
    Kearny, New Jersey 07032

**DEBEVOISE, District Judge**

    Petitioner, Guillermo Alvarez Gil ("Gil"), is currently being detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States.[1]  On or about August

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement ("BICE") of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

13, 2008, Gil filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his mandatory detention pending removal proceedings as unconstitutional.  On September 16, 2008, Gil filed a motion for a stay of removal while his habeas petition is pending.  For the reasons stated below, the petition will be dismissed without prejudice, and the motion for a stay of removal will be denied because this Court lacks jurisdiction to impose a stay of removal where petitioner is challenging the removal order itself, and not just his detention pending removal.

## BACKGROUND

Gil is a native and citizen of Columbia who came to the United States without a visa in 1979.  On March 17, 2008, an Immigration Judge issued an order of removal.[2]  On April 14, 2008, Gil filed an appeal from the order of removal to the Board of Immigration Appeals ("BIA") in Virginia.  The BIA denied Gil's appeal on May 14, 2008.  Gil promptly filed a motion for

---

[2] Petitioner's removal from the United States appears to be based on his earlier state court conviction on an aggravated felony charge.  Gil states that he did not dispute that he is an aggravated felon in his removal proceedings.  He had appealed his state court conviction, and was re-sentenced as a result of his direct appeal.  On August 30, 2007, Gil filed a federal habeas petition under 28 U.S.C. § 2254, Alvarez v. Hauck, Civil No. 07-4383 (SRC), which was denied on April 15, 2008.  On May 12, 2008, Gil filed a state petition for post-conviction relief ("PCR"), which apparently is still pending.

reconsideration on July 14, 2008.  The motion for reconsideration is currently pending.

Gil claims that he does not pose a flight risk or a danger to the community if released pending removal.  In his petition, he is seeking his supervised release while his removal proceedings are pending reconsideration.  He argues that his conviction is not final because he has a pending state PCR petition; and therefore, he can not be removed based on a conviction for an aggravated felony charge.

Gil also argues that the mandatory detention provision under the Immigration and Nationality Act ("INA"), § 236(c), 8 U.S.C. § 1226(c) violates his procedural and substantive due process rights.

## DISCUSSION

**A.    Standard of Review**

Gil seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Under 28 U.S.C. § 2243, "[a] court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

3

unless it appears from the application that the applicant or person detained is not entitled thereto."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   Petitioner Is Not Entitled to Release from Detention**

Gil challenges his mandatory detention under 8 U.S.C. § 1226(c) on the ground that it violates his rights to substantive and procedural due process.  The custodial status of aliens who have committed crimes is governed by 8 U.S.C. § 1226 (INA § 236).  Section 1226(a) gives the Attorney General discretion to arrest and detain an alien pending removal proceedings and to release the alien on bond.  Section 1226(b) gives the Attorney General discretion to revoke a bond or parole under § 1226(a).  By contrast, however, § 1226(c) requires that aliens with certain enumerated criminal convictions be detained pending removal proceedings.  In particular, § 1226(c) provides for the detention of criminal aliens who are "deportable by reason of having

4

committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)]."  8 U.S.C. § 1226(c)(1)(B).

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court held that the mandatory detention of criminal aliens during removal proceedings, pursuant to the no-bail provision under § 1226(c), does not violate due process under the Fifth Amendment. The Supreme Court reaffirmed its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id., 538 U.S. at 526.  The Court concluded that the mandatory detention provision under § 1226(c) furthered the government's legitimate purpose of preventing aliens from fleeing before the removal proceedings are completed,[3] and that such detention would be limited to a finite period of time generally needed for completion of removal proceedings.  Id. at 529-531.

The Supreme Court, however, did not set a temporal time limit on the detention of an alien pending removal proceedings, acknowledging that detention under § 1226(c) was typically short in duration.  Id. at 527-28 (distinguishing its decision in Zadvydas v. Davis, 533 U.S. 678 (2001) with respect to detention

---

[3] The Court also acknowledged that "in adopting § 1226(c), Congress had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearings and remaining at large in the United States unlawfully."  Kim, 538 U.S. at 528.

under § 1231, by emphasizing that detention under § 1226(c) had an obvious termination point and that such confinement was generally brief).

Moreover, while there may be legitimate concern that due process necessitates an individualized custody evaluation for aliens who have been in detention pending lengthy removal proceedings, the Government is not obligated under the Due Process Clause "to employ the least burdensome means to accomplish its goal" in "dealing with deportable aliens." Demore, 538 U.S. at 528.

However, once a criminal alien is ordered removed, the Attorney General is required to remove the alien from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(2) further mandates that the Attorney General detain the deportable alien during the 90-day removal period:

> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(2).

If the DHS/BICE does not remove an alien within the 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

6

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ... ."

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231 does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. Zadvydas, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To guide habeas courts, the Supreme Court recognized six months as a "presumptively reasonable period" of post-removal-period detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Here, it appears from the petition that Gil's order of removal became final on or about May 14, 2008, when the BIA denied Gil's appeal from the removal order issued by the Immigration Judge. Accordingly, the DHS/BICE had 90 days from May 14, 2008, or until August 14, 2008, to effect that removal, and during this time, petitioner was subject to mandatory detention under 8 U.S.C. § 1231(a)(2).[4]

Moreover, because the presumptively reasonable six-month period to effectuate Gil's removal, as set forth under <u>Zadvydas</u>, will not expire until November 14, 2008, at the earliest, this habeas petition for release from detention pending removal is premature. Accordingly, this Court will dismiss the petition without prejudice to the filing of another petition, in the event that, after the expiration of the presumptively reasonable six-month period, petitioner can show there is no significant likelihood of removal in the reasonably foreseeable future.

Finally, to the extent that Gil is challenging the removal order, this Court has no jurisdiction to review same.[5] Under the

---

[4] Assuming, however, that petitioner's removal order is not yet final because he has sought reconsideration from the BIA, and the reconsideration is still pending, then Gil is subject to mandatory detention because his removal period has not yet started. See 8 U.S.C. § 1231(a)(1)(B)(i).

[5] This Court assumes that Gil is challenging his removal order because he argues that his removal order based on a New Jersey state conviction violates due process when that conviction purportedly is not final. Although his conviction apparently has been affirmed on direct review, Gil is presently pursuing a state

REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), Congress has expressly provided that a petition for review of an immigration order as challenged by petitioner here, which affects his removal from the United States, may only be filed with the appropriate Court of Appeals.  See 8 U.S.C. § 1252(b)(2).

Therefore, any challenge that Gil may be attempting to assert here with regard to the removal order issued against him, or the review thereof, including his recent request for a stay of removal, must be filed with the appropriate United States Court of Appeals.[6]  This Court lacks jurisdiction over petitioner's

---

PCR petition that is still pending in the New Jersey courts.

[6]  Furthermore, Section 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal." Thus, where an alien seeks and obtains a stay of removal, he may remain in detention for an extended period of time.
The six-month presumptively reasonable post-order removal period of Zadvydas is tolled when an alien requests judicial review of a removal order.  See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004)(detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]")(citing Demore v. Kim, 538 U.S. 510, 527-29 (2003)); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003)("where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order'"); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, petitioner interrupted the running of the time under Zadvydas).

claim for a stay of removal, and his emergent motion seeking such relief should be denied accordingly, without prejudice to petitioner raising such motion in any anticipated proceedings for judicial review of his removal order before the appropriate United States Court of Appeals.

## CONCLUSION

Based upon the foregoing, petitioner's claim for release from detention pending his removal from the United States is denied at this time, without prejudice to Gil bringing a new petition if the Government fails to remove petitioner in the next several months as anticipated under Zadvydas, or, if the Government fails to provide Gil an adequate custody review in the future that comports with the due process.  Further, petitioner's motion for a stay of removal is denied for lack of jurisdiction. An appropriate order follows.

 /s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE
United States District Judge

Dated: September 24, 2008